UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OSEN LLC                                             :
                                                     :   Case No. 18-cv-3511
              Plaintiff,            :
                                                     :   COMPLAINT
      -against-                                :
                                                     :
OFFICE OF FOREIGN ASSETS CONTROL OF                  :
THE U.S. DEPARTMENT OF TREASURY,                     :
                                                     :
              Defendant.            :
---------------------------------------------------------------x

## NATURE OF THE ACTION

1.      Plaintiff Osen LLC brings this action against the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury ("Treasury") to vindicate its rights under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain specified government records relating to the Treasury's designation of certain supporters of terrorism.

2.      Osen LLC represents U.S. service members and family members of U.S. service members killed or injured in Afghanistan by terrorist groups, including al-Qaida, the Taliban, and Lashkar-e-Tayyiba.

3.      On March 31, 2016, the Treasury designated James Alexander McLintock and the Al-Rahmah Welfare Organization as Specially Designated Global Terrorists ("SDGTs") pursuant to Executive Order 13224 for "providing financial, material, or technological support for, or financial and other services to or in support of, al-Qaida, the Taliban, and LT [Lashkar-e-Tayyiba]." Executive Order 13224 targets terrorists and those providing support to terrorists or acts of terrorism.

4.      Osen LLC requested from the Treasury government records relating to this designation as part of its investigation into the attacks perpetrated on U.S. service members in Afghanistan.

5. As described more fully below, although OFAC repeatedly assured Osen LLC that it would provide records responsive to Osen LLC's FOIA request for over a year, it has failed to produce a single document.

## JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

8. Plaintiff Osen LLC is a law firm that primarily represents victims of international terrorism. Osen LLC has offices in New York, New York.

9. Defendant OFAC is an office within the Treasury that is principally responsible for administering United States economic sanctions programs. Defendant is an agency within the meaning of 5 U.S.C. §§ 551(1) and 552(f).

## OSEN LLC'S FOIA REQUEST

10. On January 3, 2017, Osen LLC submitted its FOIA request to the Treasury via both the agency's online FOIA request tool and fax, seeking "all unclassified documents supporting the U.S. Department of the Treasury's March 31, 2016 designation of (i) James Alexander McLintock, and (ii) Al-Rahmah Welfare Organization, pursuant to E.O. 13224." The complete request is attached hereto as **Exhibit A**. Osen LLC subsequently revised its request to include "the **Designation Package** supporting the U.S. Department of Treasury's designation of (i) James Alexander McLintock, and (ii) Al-Rahmah Welfare Organization." *See* **Exhibit B**.

11. The Treasury acknowledged its receipt of Osen LLC's request on February 3, 2017 via the letter attached hereto as **Exhibit C**, in which it assigned Osen LLC's request FOIA No. 2017-02-073.

12. OFAC then sent its own letter dated February 8, 2017, attached hereto as **Exhibit D**, in which it assigned Osen LLC's request FOIA No. 2017-01-105 (the "FOIA Request"), and advised that it would close FOIA No. 2017-02-073 as a duplicate. In this letter, OFAC advised Osen LLC that it was invoking a statutorily-permitted 10-day extension, on top of the prescribed 20-day response time, to respond to Osen LLC's request.

13. Osen LLC did not receive any further response.

14. On September 18, 2017, Osen LLC requested an update regarding the status of its FOIA Request, via emails attached hereto as **Exhibit E**.

15. OFAC responded on September 20, 2017 via the email attached hereto as **Exhibit F**, in which it advised Osen LLC that it had addressed 26 FOIA requests during the nine months since Osen LLC submitted its FOIA Request, and still had 84 cases pending ahead of Osen LLC's FOIA Request.

16. On September 25, 2017, Osen LLC noted to OFAC that the 10-day exception invoked by OFAC on February 8, 2017 may not be extended further absent "exceptional circumstances" which do "not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. 552(a)(6)(C)(ii). Osen LLC repeated its request for a date on which it could expect a determination on its request, and also offered to tailor its request in order to obtain the records faster. *See* **Exhibit G**.

17. OFAC's Assistant Director, Mr. Marshall Fields, subsequently contacted Osen LLC regarding its FOIA Request, and advised that Osen LLC would be given the responsive

unclassified records within about a week. However, OFAC failed to provide any documents within that time.

18. On October 10, 2007, Osen LLC emailed OFAC to recount the conversation with Mr. Fields, to request a date on which it could expect a determination on its request and to offer again to tailor the request. *See* **Exhibit H**.

19. On October 16, 2017, Mr. Fields called Osen LLC to advise that a review of the records responsive to Osen LLC's FOIA Request revealed that there were some unclassified responsive records, but the majority of the responsive records was classified and required review by the agencies that had made the classified designation. Osen LLC responded on October 17, 2017, requesting receipt of the "segregable portion of the record" that is not classified, per 5 U.S.C. § 552(b), which includes the "amount of information deleted … indicated at the place in the record where such deletion is made." Osen LLC further requested that OFAC provide it with a formal denial of its FOIA Request if OFAC could not provide segregable information. *See* **Exhibit I**.

20. OFAC responded via email that same day with assurances that "OFAC will process the segregable portion of your request as described below." *See* **Exhibit J**. Osen LLC requested an estimate of when it would receive the segregable information. *See* **Exhibit K**. OFAC responded that "[a]s OFAC's FOIA Officer Marshall Fields stated in a previous conversation with you, we are unable to provide you with an estimated date of completion for your request at this time. As of today, October 18, 2017, there are 75 requests pending ahead of yours in our processing queue." *See* **Exhibit L**.

21. Osen LLC responded that the segregable portion of the responsive documents had already been identified, and reiterated that at that point, it was only requesting this segregable information. Osen LLC repeated its request that OFAC provide it with a formal denial of its FOIA Request if OFAC could not provide this segregable information. *See* **Exhibit M**.

22.     On October 19, 2017, Mr. Fields called Osen LLC and stated that he would not provide the segregable unclassified portion of the response while sending the classified records to the agencies which had made the designation because doing so would be double the work. Osen LLC advised Mr. Fields that both the language of the FOIA and the construing case law required OFAC to provide the segregable information, but Mr. Fields disagreed. Mr. Fields stated that an analyst would review the documents and redact what was actually marked as classified, after which a subject matter expert would review the documents. Mr. Fields stated that Osen LLC would receive the information in 30 days.

23.     OFAC failed to release any documents to Osen LLC, and over 30 days later, on November 21, 2017, Osen LLC emailed OFAC with a reminder that Mr. Fields had assured Osen LLC on October 19, 2017 that it would receive the segregable portion of responsive documents in 30 days. Osen LLC requested a status update. *See* **Exhibit N**. OFAC responded that Mr. Fields would be back in the office on November 27, 2017 at which point he would respond. *See* **Exhibit O**.

24.     On November 29, 2017, Mr. Fields emailed Osen LLC to advise it that "[w]e are aiming to get an initial response to you within the next two weeks, by December 15, 2017." *See* **Exhibit P**.

25.     Over two weeks later, on December 19, 2017, Osen LLC emailed OFAC that it had not received a response. *See* **Exhibit Q**. Mr. Fields responded on December 21, 2017: "I must apologize that I under estimated the review time associated with getting this release accomplished especially during this holiday season. We will make every effort to ensure that a release is processed to you in the next few weeks barring any unforeseen circumstances." *See* **Exhibit R**.

26. On January 8, 2018, Osen LLC emailed OFAC advising that it had been over a year since it submitted its FOIA Request, and requested a date on which it would receive a response. *See* **Exhibit S**.

27. Osen LLC did not receive a response to this email.

28. On January 19, 2018, Osen LLC emailed OFAC again for a date on which it would receive a response. *See* **Exhibit T**.

29. On January 29, 2018, Mr. Fields responded that there are 69 cases ahead of Osen LLC's FOIA Request. *See* **Exhibit U**. That day, Osen LLC described to Mr. Fields via email that even after OFAC advised Osen LLC multiple times that it would receive the records it requested by a certain time, OFAC failed to provide anything. Osen LLC advised Mr. Fields that OFAC's "continued refusal to produce these documents violates both the spirit and the letter of the FOIA statute. Accordingly, my office will bring an action in the appropriate United States District Court unless I receive full and complete production by February 28, 2018." *See* **Exhibit V**.

30. Osen LLC did not receive any response to this email.

## **CLAIMS FOR RELIEF**

### First Claim for Relief

(*For a Declaration that Osen LLC is Entitled to the Records Sought in Its FOIA Request*)

31. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Upon information and belief, the Treasury has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA Request.

33. Upon information and belief, the records sought in Osen LLC's FOIA Request are not subject to withholding under any of the exemptions from public disclosure set forth in 5 U.S.C. § 552(b), nor has OFAC identified any such exemption or any such affected documents.

34. Therefore, OFAC's refusal to provide the records responsive to Osen LLC's FOIA Request violates Osen LLC's rights under 5 U.S.C. § 552.

35. OFAC's refusal to formally deny Osen LLC's FOIA Request, as Osen LLC requested twice, prevents Osen LLC from appealing OFAC's failure to provide records responsive to its FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Absent this denial, and because OFAC has failed to comply with FOIA's applicable time limits, Osen LLC is "deemed to have exhausted [its] administrative remedies," and accordingly brings this lawsuit seeking a declaration that OFAC is obligated to provide it with copies of the records sought in Osen LLC's FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

<u>Second Claim for Relief</u>

(*For an Injunction Compelling OFAC to Comply with Osen LLC's FOIA Request*)

36. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. As a result of the foregoing, Osen LLC is entitled to an injunction compelling OFAC to provide Osen LLC with copies of the records sought in its FOIA Request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

    a. Accept jurisdiction over this action;

    b. Declare that Osen LLC is entitled to copies of the records sought in its FOIA Request;

    c. Issue an injunction compelling OFAC to collect and give Osen LLC copies of the records requested in its FOIA Request;

    d. Award Osen LLC reasonable attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

    e. Grant other and such further relief as the Court deems just and proper.

Dated: New York, New York
       April 20, 2018

                                        **OSEN LLC**

                                By: /s/ Dina Gielchinsky
                                    Dina Gielchinsky
                                    William A. Friedman
                                    1441 Broadway, Suite 6022
                                    New York, New York 10018
                                    (212) 354-0111
                                    (201) 265-0303 Fax

                                    Attorneys for Plaintiff